## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HELEN E. McCLAIN, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | C.A. No.: |
| ) | |
| AFSHIN EHSAN, M.D., and ) | Jury Trial Demanded |
| RHODE ISLAND HOSPITAL, ) | |
| ) | |
| *Defendants*. ) | |

## COMPLAINT

### Jurisdiction

1. Jurisdiction is vested in this Court by virtue of the diversity of citizenship of the parties pursuant to 28 U.S.C. §1332.

2. Venue is proper in that all of the alleged negligent acts and omissions forming the basis of Count I and Count II occurred in the District of Rhode Island.

3. The amount in controversy exceeds $75,000.00.

### Parties

4. Plaintiff Helen E. McClain ("Plaintiff McClain") is a resident and citizen of Yonkers, New York.

5. Defendant, Afshin Ehsan, M.D. ("Defendant Ehsan") is a resident and citizen of Massachusetts. Defendant Ehsan is licensed and has an active medical/surgical practice in the State of Rhode Island. Defendant Ehsan holds himself out to the public as a specialist in cardio-thoracic surgery.

6. Defendant Rhode Island Hospital is a domestic non-profit corporation existing under the laws of the State of Rhode Island, with its principal place of business in Providence, Rhode Island. Defendant Rhode Island Hospital has at all relevant times operated and maintained a medical and surgical hospital in Providence, Rhode Island.

## Facts

7. On February 29, 2016, Plaintiff McClain was transferred from Westerly Hospital to Rhode Island Hospital with signs and symptoms of a myocardial infarction.

8. On or about March 1, 2016, Defendant Ehsan formed a physician-patient relationship with Plaintiff McClain.

9. On March 1, 2016, Defendant Ehsan performed open-heart surgery on Plaintiff McClain at Rhode Island Hospital. Specifically, Defendant Ehsan performed a coronary artery bypass graft ("CABG") surgical procedure.

10. During the latter portion of the March 1st CABG procedure, drainage tubes, also called chest tubes, were inserted.

11. Defendant Ehsan inserted the chest tubes described in paragraph 9.

12. Defendant Ehsan inserted the chest tubes described in paragraph 9 under direct visualization.

13. Defendant Ehsan inserted one of the chest tubes described in paragraph 9 through Plaintiff McClain's transverse colon.

14. On March 1, 2016, Defendant Ehsan was an employee of Defendant Rhode Island Hospital.

15. Between March 1 and March 6, 2016, Plaintiff McClain became ill.

16. A CT scan on March 5, 2016 revealed free air and the radiologist interpreting the CT scan believed a bowel injury might be present.

17. On March 6, 2016, Plaintiff McClain underwent an exploratory laparotomy performed by another surgeon, Michael Connolly, M.D.

18. During the March 6, 2016 exploratory laparotomy, Dr. Connolly identified two small perforations in Plaintiff McClain's transverse colon along with fecal contamination.

19. There were also fecal contaminants found in Plaintiff McClain's chest, near where the chest tubes had been placed.

20. Plaintiff McClain was hospitalized for an additional 32 days after the March 6th surgery, undergoing several more procedures/surgeries before being discharged from Rhode Island Hospital on April 8th.

21. On April 8th, Plaintiff McClain was admitted to the Westerly Nursing Home for rehabilitation.

22. On April 16th, Plaintiff McClain fractured her left hip at Westerly Nursing Home and was admitted to the Westerly Hospital.

23. On April 20th, Plaintiff McClain was transferred from Westerly Hospital to Rhode Island Hospital for further treatment.

24. On April 22nd, Plaintiff McClain was discharged from Rhode Island Hospital and transferred back to Westerly Nursing Home where she remained an inpatient until January 2017.

## COUNT I
## Defendant Afshin Ehsan, M.D.

25. Paragraphs 1 through 24 are hereby incorporated in this Count I by reference as if fully set forth at length herein.

26. On March 1, 2016 and continuing thereafter, Defendant Ehsan undertook for valuable consideration to provide medical/surgical care and treatment to Plaintiff, Helen McClain.

27. It then and there became and was the duty of Defendant Ehsan to exercise that degree of care and skill that is expected of a reasonably competent surgeon, acting in the same or similar circumstances as existed on March 1, 2016.

28. Nevertheless, Defendant Ehsan failed to exercise that degree of care and skill in that he negligently treated and operated on Plaintiff McClain, thereby causing her to suffer and become afflicted with grave and severe personal injuries and extreme pain and suffering.

29. As a direct and proximate result of the negligence of Defendant Ehsan, Plaintiff McClain was severely and permanently injured, experienced great pain of body, nerves, and nervous system, and mental/emotional suffering, was rendered partially disabled, lost a degree of her independence, incurred and in the future will incur expenses for medical care and treatment, has suffered and in the future will continue to suffer a loss of enjoyment of life, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff McClain demands judgment against Defendant Ehsan for compensatory damages, plus interest and costs.

## COUNT II
### Defendant Rhode Island Hospital

30. Paragraphs 1 through 29 are hereby incorporated in this Count II by reference as if fully set forth at length herein.

31. On or about February 29, 2016 and continuing thereafter, defendant Rhode Island Hospital, by and through its agents, servants, and/or employees, including Defendant Ehsan, other physicians, physicians-in-training, physician assistants, nurses and other health care providers, undertook for valuable consideration to provide medical, surgical, and other health care treatment to Plaintiff McClain.

32. As of February 29, 2016, it became and was the duty of defendant Rhode Island Hospital, by and through these agents, servants, and/or employees, to exercise that degree of care and diligence in treating Plaintiff McClain as was ordinarily possessed of individuals of the same specialty or rendering similar services, acting, in the same or similar circumstances.

33. Nevertheless, defendant Rhode Island Hospital, by and through its agents, servants, and/or employees, failed to exercise that degree of skill and diligence in that it negligently cared for, diagnosed and treated Plaintiff McClain thereby causing her to become afflicted with severe personal injuries, and extreme pain and suffering.

34. As a direct and proximate result of the negligence of defendant Rhode Island Hospital, by and through its agents, servants, and/or employees, Plaintiff McClain

was severely and permanently injured, experienced great pain of body, nerves, and nervous system, and mental/emotional suffering, was rendered partially disabled, lost a degree of her independence, incurred and in the future will incur expenses for medical care and treatment, has suffered and in the future will continue to suffer a loss of enjoyment of life, and otherwise was and is permanently injured.

WHEREFORE, Plaintiff McClain demands judgment against defendant Rhode Island Hospital for compensatory damages, plus interest and costs.

### Demand for Jury Trial

Plaintiff demands a trial by jury and designates Michael P. Quinn, Jr., Esq. as lead trial counsel pursuant to LR Gen 206(d).

Plaintiffs also designate, pursuant to LR Gen 206(c)(1), Attorney Quinn as counsel to whom notice from the court should be sent.

PLAINTIFF,

HELEN E. McCLAIN,

By her Attorneys
Decof, Decof & Barry
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641
Email: mpq@decof.com; tjg@decof.com

    /s/ Michael P. Quinn, Jr.
Michael P. Quinn, Esq.    Bar No. 7514

    /s/ Timothy J. Grimes
Timothy J. Grimes, Esq.    Bar No. 8820

Dated: April 25, 2017